UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D.M. ROTTERMOND INC.,

    Plaintiff,

v.

TALINE SHIKLANIAN and
TALINE'S FINE JEWELRY LLC,

    Defendants.
    _____/

Case No.: 21-cv-10393
Paul D. Borman
United States District Judge

Kimberly G. Altman
United States Magistrate Judge

## AMENDED OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

### I. BACKGROUND

On February 23, 2021, Plaintiff D.M. Rottermond Inc. filed a Complaint against Defendants Taline Shiklanian and Taline's Fine Jewelry LLC for breaching Ms. Shiklanian's post-employment non-competition agreement that she had signed on January 28, 2017 when employed by Plaintiff, and for misappropriation of trade secrets under the Federal Defend Trade Secrets Act, 18 U.S.C. § 836, *et seq.*, and Michigan Uniform Trade Secrets Act. (ECF No. 1.)

On that date, Plaintiff also filed a Motion for a Temporary Restraining Order and Preliminary Injunction against Defendants for violating the non-compete agreement within the one-year period of her employment termination by Defendant on March 16, 2020. (ECF No. 2.)

1

This Court held an extensive hearing on the Plaintiff's Motion for a Temporary Restraining Order/Preliminary Injunction on March 9, 2021. At the conclusion of the hearing, after hearing testimony from both parties, the Court provided a preliminary response Order to the parties' arguments. The Court informed the parties that Plaintiff had established a strong likelihood of success on the merits of its claim for breach of the restrictive covenant, and extended the term of Defendants' non-compete from its original one-year expiration date of March 16, 2021, for three weeks, to April 5, 2021. (ECF No. 15.) The Court also ordered the Parties to contact Magistrate Judge Kimberly Altman to participate in mediation. The mediation was not successful. The case has now returned to this Court for resolution of the Motion for a Preliminary Injunction.

The Court held a status conference on March 19, 2021, where it issued an oral ruling from the bench with regard to the preliminary injunction. (ECF No. 20.) This Amended Opinion and Order supersedes that ruling.

Plaintiff, D.M. Rottermond, is a high-end jeweler with two locations in the greater-Detroit area. The restrictive non-compete agreement prevented former Rottermond salesperson, Defendant Shiklanian, from competing with Plaintiff for one year after her employment with Rottermond was terminated. Defendant Shiklanian was terminated on March 16, 2020, as a result of the impact of the COVID-19 pandemic on Plaintiff's business. In November 2020, Defendant Taline

Shiklanian opened Taline's Fine Jewelry store within the non-compete period and within the agreement's restricted 25-mile geographic area.

## II. STANDARD OF REVIEW

The standard of review for a request for preliminary injunction is:

    (1)    Does plaintiff have a strong likelihood of success on the merits,

    (2)    Whether plaintiff would suffer irreparable harm if preliminary injunctive relief was not issued,

    (3)    Whether the issuance of the preliminary injunction will cause substantial harm to third parties,

    (4)    Whether the public interest would be served by the issuance of a preliminary injunction order.

*See Sandison v. Michigan High School Athletic Assn.*, 64 F.3d 1026, 1030 (6th Cir. 1995).

## III. DISCUSSION

The Court finds that there is a significant likelihood of success on the merits--that the restrictive covenant/non-compete clearly and lawfully prevents Defendant Taline Shiklanian for one year from contributing knowledge, or engaging in work, that is competitive with the work she performed at Rottermond during the year prior to her termination, and that the non-compete prohibition for a 25-mile radius around Plaintiff's stores in Milford and Brighton, Michigan, is reasonable and lawful. M.C.L. § 445.774a. Under Michigan law, a non-compete is enforceable provided

that it is reasonable in its duration, geographical area, and type of employment--the line of business. While "Michigan courts have not provided any bright line rules," *Certified Restoration v. Tenke*, 511 F.3d 535 at 547 (6th Cir. 2007), "they have upheld non-compete agreements covering time periods of six months to three years," though agreements at the shorter end of that range appear to be more common and more uniformly upheld. *See Whirlpool Corp. v. Burns*, 457 F. Supp. 2d 806, 813 (W.D. Mich. 2006); *Rooyakker & Sitz v. Plante & Moran*, 276 Mich. App. 146 (2007). Whether the duration is reasonable is a case-by-case determination, and this Court has determined that this non-compete is reasonable and enforceable in this situation.

The Court finds, based on the documents provided and the testimony at the hearing, that the Defendant and her business are in direct competition with Plaintiff's jewelry business, and that the length of the restriction is well within the range upheld by Michigan courts, and that the Defendant was clearly under that non-compete restriction when she opened a competing jewelry store, Taline's Fine Jewelry, within the 25-mile geographic range restricted by the non-compete.

Courts can choose to extend the period of the non-compete where the breaching party had flouted the terms of a non-compete agreement, and that is clearly what we have here. *See Telma Retarder, Inc. v. Balish*, No. 2:17-CV-11378, 2017 WL 3276468, at *1, *5 (E.D. Mich. 2017); *Thermatool Corp. v. Borzym*, 227 Mich. App. 366, 375 (1998). Indeed, Plaintiff has provided information to the Court and

4

the Defendants, that Defendants' store was open as recently as a few days ago. (ECF No. 19.)

Evidence establishes that Plaintiff sent a copy of the non-compete agreement to the Defendant on June 26, 2020, and that in July 2020, Defendant Taline Shiklanian reached out to Rottermond to be released from the non-compete. This request was denied. Indeed, by that time, Defendant Shiklanian had already filed Michigan Articles of Organization for her competing store on July 9, 2020.

The Court finds that Defendants' clear knowledge of her non-compete agreement's terms, and her decision to open and operate a competing store, constitute a clear flouting of the non-compete agreement, which the Court had previously extended to Monday, April 5, 2021. As a result of the Defendants' continuing flouting of the non-compete agreement, the Court will extend the end date of the non-compete agreement from March 16, 2021 for 90 days to June 14, 2021.

The Court finds irreparable injury to Plaintiff, given the continuing operation of Defendant's competing fine jewelry store--that its harm to Plaintiff cannot be fully compensable merely by money damages alone, because the continuing loss would make the entirety of damages difficult to calculate. *See,* Sixth Circuit opinion *Basicomputer v. Scott*, 973 F.2d 511 (6th Cir. 1992). Defendant has operated a competing business, beginning in November 2020 through the present time, and the potential loss of good-will as well as the unknown number of customers and sales

made by Defendants during their continuing violation of the non-compete distinguish this case from a case where there might be just a single sale. *Thermatool Corp. v. Borzym*, 227 Mich. App. 366, 377 (1998).

The Court has balanced the harms, and finds that the harms to Plaintiff would be great, and that the issuance of this injunction barring Defendants from competing with Plaintiff through June 14, 2021 will not cause substantial harm to third parties.

While the harm to Defendants from an injunction, including the ordering of the closure of Defendants' business is significant, it is of their own making. Further, an Order enforcing non-compete restrictions beyond the original expiration date is justified because of the Defendants' conduct.

The public has a strong interest in enforcing reasonable non-compete agreements. The public policy against restraints on trade and interference with a person's livelihood is overcome in this case by Defendants' egregious conduct. The public also has an interest, as well as Plaintiff, in enforcing valid employment contracts, and this weighs heavily in favor of issuing this preliminary injunction. The Court again reiterates, that in balancing the factors with regard to a preliminary injunction, it has determined that Plaintiff Rottermond has a strong likelihood of success on the merits and faces continuing irreparable harm due to Defendants' conduct.

With regard to a security bond, the Court, pursuant to Federal Rule of Civil Procedure 65(c), will hear that issue next week if Defendants wish to raise it. While that Rule appears to be mandatory, the Rule in our Circuit has been that the Court possesses discretion over whether to require the posting of a security. *Moltan v. Eagle-Picher Industries*, 55 F.3d 1171, 1176 (6th Cir. 1995). Because Plaintiff has clearly met all four factors/requirements for the issuance of injunctive relief, the Court determines that posting a bond today is not appropriate in this case.

The remaining claims in this case will not be addressed at this time.

### IV. CONCLUSION

Pursuant to Fed. R. Civ. P. 65 because Defendants have flagrantly violated the reasonable non-compete agreement, the Court enters this Preliminary Injunction. Defendants continue to be restrained and enjoined, until June 14, 2021, from directly or indirectly, whether alone or in concert with others, from violating the non-competition agreement, from engaging in jewelry business activity and/or sales, within 25 miles of Plaintiff's jewelry stores in Milford and Brighton.

Defendants are enjoined from destroying, erasing, or otherwise making unavailable, any records or documents in their possession or control, or if on computer media or storage, which contain information derived from any of Plaintiff's records that pertain to Plaintiff's sales, as well as Defendants' sales during the period of the non-compete that has been extended to June 14, 2021.

Magistrate Judge Kimberly Altman is available if the parties wish to meet with her and consider a resolution of this matter.

SO ORDERED.

Dated: March 22, 2021          s/Paul D. Borman  
                                                PAUL D. BORMAN  
                                                United States District Judge