UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D.M. ROTTERMOND INC. and
DEAN ROTTERMOND,

     Plaintiffs,                    Case No. 2:21-cv-10393
                                 District Judge Paul D. Borman
v.                              Magistrate Judge Kimberly G. Altman

TALINE SHIKLANIAN and
TALINE'S FINE JEWELRY LLC,

     Defendants.

_____/

## REPORT AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL OF TRADE SECRET CLAIMS (ECF No. 26) AND DECLINE JURISDICTION OVER REMAINING STATE LAW CLAIMS[1]

### I.  Introduction

This case involves the alleged post-employment breach of a non-compete agreement.  On February 23, 2021, Plaintiffs D. M. Rottermond, Inc. and Dean Rottermond (collectively "Rottermond") filed their complaint against Defendants Taline Shiklanian and Taline's Fine Jewelry, LLC, (ECF No. 1), asserting the following claims:

---

[1] Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Count I – Violation of Federal Trade Secrets Act (against all Defendants)

Count II – Violation of Michigan Uniform Trade Secrets Act (against all Defendants)

Count III – Breach of Restrictive Agreement (against Defendant Shiklanian)

Count IV – Tortious Interference with Contact (against all Defendants)

Count V – Tortious Interference with Business Expectancy (against all Defendants)

Count VI – Unjust Enrichment/quantum Meruit (against all Defendants)

Defendants filed a counterclaim, alleging that Rottermond improperly denied Shiklanian sales commissions. (ECF No. 18, PageID.232-235).

Rottermond now moves for voluntary dismissal of its federal and state trade secret misappropriation claims without prejudice. (ECF No. 46). The motion has been referred to the undersigned. (ECF No. 48). Rottermond further requests that the Court dismiss the parties' remaining pendent state law claims without prejudice and order the parties to bear their own costs and fees. (*Id*.). Defendants respond that dismissal should be with prejudice, that they are entitled to costs and attorney fees associated with defending this action, and that under Federal Rule of Civil Procedure 41(a)(2) Rottermond is not entitled to dismissal of Defendants' state law counterclaim, as it would prejudice the Defendants. (ECF No. 47).

For the reasons stated below, the undersigned RECOMMENDS that

Rottermond's motion for voluntary dismissal be GRANTED and that all pending

claims be DISMISSED WITHOUT PREJUDICE.[2]

## II. Background

The relevant facts of the case were summarized as follows by the District

Judge Paul D. Borman:

> Plaintiff, D.M. Rottermond, is a high-end jeweler with two locations in
> the greater-Detroit area. The restrictive non-compete agreement
> prevented former Rottermond salesperson, Defendant Shiklanian, from
> competing with Plaintiff for one year after her employment with
> Rottermond was terminated. Defendant Shiklanian was terminated on
> March 16, 2020, as a result of the impact of the COVID-19 pandemic
> on Plaintiff's business. In November 2020, Defendant Taline
> Shiklanian opened Taline's Fine Jewelry store within the non-compete
> period and within the agreement's restricted 25-mile geographic area.

(ECF No. 21, PageID.257-258).

Along with the complaint, Rottermond filed an ex parte motion for

temporary restraining order and preliminary injunction against defendants. (ECF

No. 2). Following a hearing, on March 22, 2021, District Judge Paul D. Borman

granted Rottermond's motion for a preliminary injunction, finding a significant

likelihood of success on the merits for Rottermond. (ECF No. 21, PageID.258)

---

[2] Subsequent to this motion, Defendants filed a motion to compel, (ECF No. 50),
which was referred to the undersigned (ECF No. 51). The undersigned will enter a
separate order staying the motion to compel pending resolution of Rottermond's
motion for voluntary dismissal which, if granted, will render the motion to compel
moot.

("Injunction Order").  As a result, the Court extended the end date of the non-compete agreement for an additional 90 days from its original end date of March 16, 2021.  (ECF No. 21, PageID.260).  On March 18, 2021, Defendants filed their answer to the complaint, along with a counterclaim alleging that Rottermond improperly withheld commissions from Shiklanian's sales while she worked there. (ECF No. 18).

On April 12, 2021, Rottermond moved for an order to show cause, alleging that Defendants had violated the non-compete agreement and Injunction Order. (ECF No. 26).  After a hearing, the undersigned recommended that Rottermond's motion be granted in part, finding that Defendants had violated the terms of the non-compete agreement and Injunction Order on two occasions, regarding Facebook posts made by Defendants promoting competing businesses within the restricted geographical area.  (ECF No. 35).  Judge Borman adopted the undersigned's recommendation and awarded Rottermond $100 for each of the two infractions as well as $5,000 in attorney fees.  (ECF No. 43, 45).

Rottermond then filed the instant motion.

### III.  Legal Standard

The main questions before the Court are whether Rottermond should be permitted to dismiss its federal and state trade secret misappropriation claims without prejudice, whether the Court should then dismiss all pending state law

claims without prejudice, including Defendants' counterclaim, and if both sides should bear their own costs.

The answer to these questions is governed by Fed. R. Civ. P. 41(a)(2), which provides in relevant part:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.

Fed. R. Civ. P. 41(a)(2). Any such dismissal is without prejudice unless the dismissal order otherwise provides. *Id.* Although voluntary dismissal without prejudice is not a matter of right, "the presumption under Rule 41(a)(2) is that voluntary dismissals are without prejudice." *Robinson v. City of Detroit*, No. 10-CV-11336, 2010 WL 2836790, at *1 (E.D. Mich. July 19, 2010). "A Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice." *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 954 (6th Cir. 2009) (citations omitted).

## IV. Analysis

### A. Dismissal Without Prejudice

Anticipating Defendants' objection to dismissal of the trade secret claims and Rottermond's pending state law claims *without* prejudice, Rottermond notes

that Defendants must show "plain legal prejudice" to prevent the dismissal.  *See*

*Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) ("Generally,

an abuse of discretion is found only where the defendant would suffer 'plain legal

prejudice' as a result of a dismissal without prejudice, as opposed to facing the

mere prospect of a second lawsuit.") (citations omitted).

"In determining whether a defendant will suffer plain legal prejudice, a court

should consider such factors as the defendant's effort and expense of preparation

for trial, excessive delay and lack of diligence on the part of the plaintiff in

prosecuting the action, insufficient explanation for the need to take a dismissal, and

whether a motion for summary judgment has been filed by the defendant."  *Id*.

(citations omitted).

Rottermond argues that dismissal of its trade secrets claims and all pendent

state law claims without prejudice would not lead to plain legal prejudice, as "the

parties have not expended much additional effort or expense in preparation for

trial" beyond the preliminary injunction and motion for order to show cause."

(ECF No. 46, PageID.657).  Rottermond outlines the efforts of both parties as

follows:

> (1) both parties issued their Initial Disclosures and witness lists; (2)
> Defendants issued some preliminary written discovery but have not
> been required to expend any effort responding to Plaintiff's discovery;
> (3) no depositions have been noticed or taken; (4) it does not appear
> that either party intends to use expert witness testimony; (5) discovery

is not scheduled to conclude until November 15, 2021; and (6) no dispositive motions are pending (or have been discussed).

(*Id.*, PageID.657-658).

Defendants contend that by seeking to dismiss without prejudice, Rottermond "seek[s] to continue to exert leverage over Taline [Shiklanian], who will have to live in anxiety about whether the Plaintiffs will re-file any of their claims in the future."  (ECF No. 47, PageID.674).  Defendants also argue that Rottermond is moving for dismissal in order to avoid discovery, and "should not be allowed to walk away from this litigation at this stage and be given an opportunity to re-file it at a later date."  (*Id.*, PageID.675).  To do so would force Defendants "to live for years with the uncertainty that the Plaintiffs may refile their lawsuit against her and turn her life upside down once again."  (*Id.*).

"A court may dismiss a case with prejudice based on either FED. R. CIV. P. 41(b), or the court's inherent power to manage its docket."  *Yetman v. CSX Transp., Inc.*, No. 1:08-CV-1130, 2009 WL 35351, at *4 (W.D. Mich. Jan. 6, 2009) (quoting *Dinardo v. Palm Beach Cty.*, 199 F. App'x 731, 735 (11th Cir. 2006)). However:

> Under both of these authorities a dismissal with prejudice is an extreme sanction that may be properly imposed *only* when: (1) a party engaged in a clear pattern of delay or willful contempt (contumacious conduct) and (2) the district court specifically finds that lesser sanctions would not suffice.

*Id.* (quoting *Dinardo*, at 735 (emphasis in original)).

7

The undersigned finds that as outlined in Rottermond's motion, there has been no delay in filing this motion, and there is no cause for sanctioning the moving party at all, much less imposing the harsh sanction of dismissal with prejudice on Rottermond's claims. Furthermore, the crux of Defendants' argument for prejudice appears to be "the mere prospect of a second lawsuit," which is not legally prejudicial. *Grover by Grover*, 33 F.3d at 718. Therefore, the undersigned recommends that all of Rottermond's claims be dismissed without prejudice.

### B.  Each Side to Bear its Own Costs

In arguing that each side should bear its own costs, Rottermond again points out the minimal efforts of both parties in discovery and dispositive motion practice, so far, to argue that each side should bear its own costs and fees related to the case. Defendants counter that many of Rottermond's claims would not be supportable at trial and Rottermond should not be able to "cut bait" after obtaining the benefit of a preliminary injunction. (ECF No. 47, PageID.676). Defendants also argue that that "non-competition agreements in employment" have been seen as a "form of abuse" and are currently being reassessed by federal commissions. (*Id*.).

"Although courts frequently impose defense costs on plaintiffs granted a voluntary dismissal, no circuit court has held that such costs are mandatory." *DWG Corp. v. Granada Invs., Inc.*, 962 F.2d 1201, 1202 (6th Cir. 1992) (citing *Stevedoring Services of America v. Armilla Intern.,* 889 F.2d 919, 921 (9th Cir.

1989)).  A court must give reasons for denying costs and fees to a defendant upon voluntary dismissal of a case.  *Id.*  Likewise, a court must also state its reasons for an award of fees.  *Spar Gas, Inc. v. AP Propane, Inc.*, 972 F.2d 348 (6th Cir. 1992).

> Among the factors that courts in this circuit have considered in assessing whether to award a defendant fees and costs under Rule 41(a)(2) are
>
> > (1) whether the plaintiff acted in good faith in bringing and prosecuting the litigation;
> >
> > (2) whether the defendant incurred substantial expenses in defending the action, including as a result of the advanced stage of the proceedings or the nature of the litigation;
> >
> > (3) whether the plaintiff delayed in bringing the motion to dismiss; and
> >
> > (4) whether the work performed can be used in a subsequently filed action.

*Yetman v. CSX Transp., Inc*, 2009 WL 35351, at *3.

For the first prong, the undersigned finds no evidence of bad faith in Rottermond's litigative pursuits.  As noted in its reply, Rottermond credibly alleges that Defendants had access to "customer lists and contact information, information about [its] customers' practices, requirements, and product designs, [its] financial and billing information, including its pricing for services and jewelry items, cost and profit structures," each of which it argues have at least created a question of fact as to qualifying as a trade secret.  *See Konica Minolta Bus. Sols., U.S.A., Inc.*

9

*v. Lowery Corp.*, No. 15-11254, 2020 WL 3791601, at *19 (E.D. Mich. July 7, 2020) ("[i]nternal, confidential pricing information" may be trade secret); *id*. at *20 (whether customer lists "are protectable trade secrets is a triable issue of fact"); *PrimePay, LLC v. Barnes*, No. 14-11838, 2015 WL 2405702, at *22 (E.D. Mich. May 20, 2015) ("pricing schemes" and "markups" can be trade secrets); *Innovation Ventures, LLC v. Aspen Fitness Prod., Inc*., No. 11-cv-13537, 2015 WL 11071470, at *6 (E.D. Mich. Mar. 31, 2015) ("Detailed . . . information regarding [plaintiff's] customers, their needs, and their owners and employees . . . can qualify as a trade secret."); *Kelly Servs. v. Eidnes*, 530 F. Supp. 2d 940, 951 (E.D. Mich. 2008) (finding a customer list to be a trade secret).

As to Rottermond's other claims, it has been successful in enforcing and extending its non-competition agreement, obtaining a preliminary injunction, and enforcing that injunction against defendants.  Outside of that, Defendants have failed to show that they have incurred substantial expenses due to the stage of the proceedings or the nature of the litigation, and the undersigned finds this unlikely to be the case given the status of the case.  The undersigned also finds, as noted above, that there was no unwarranted delay in bringing this motion.  Lastly, there is no apparent reason that work done in this matter could not be used in a subsequent action from Rottermond against Defendants.  However, the undersigned takes notice that under Rule 41(d)(1), if Rottermond renews one or

more of these claims against Defendants in the future, the court "may order the plaintiff to pay all or part of the costs of that previous action" at that time.  Given the factors considered above, as well as the future avenue of relief provided by Rule 41(d)(1), the undersigned recommends that each party bear its own costs and fees.

### C.  Defendants' Counterclaim

The most difficult question is whether Defendants' counterclaim for improperly withheld commissions prevents the voluntary dismissal of Rottermond's claims.  Rule 41(a)(2) states in part:

> If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.

Defendants argue that because their counterclaim is based on a state law breach of contract theory, there is no independent basis for the Court to retain jurisdiction upon dismissal of Rottermond's federal claim, and thus the language above prevents dismissal of their counterclaim.

Rottermond contends that dismissal is proper, because the counterclaim *can* remain pending under 28 U.S.C. § 1367 supplemental jurisdiction; even after dismissal of all federal claims, the Rule does not *require* a court to retain a state law counterclaim and that the court should *consider* whether to exercise its discretion to retain the pendent state law claims.  Rottermond goes on to argue that

the Court should decline to exercise supplemental jurisdiction over the remaining

state law claims "because they are relatively insignificant and it would not be

judicially economic to do so." (ECF No. 49, PageID.721).

While Rottermond's reading of the Rule is not entirely unavailing, what

little authority exists on this issue takes a different approach.[3]  One court has found

the rule "pretty clearly" to appear to be that:

> [A] plaintiff may not dismiss an action when the dismissal would
> destroy federal jurisdiction and prevent the court from adjudicating the
> defendant's counterclaim.   However, when there is an independent
> jurisdictional basis for the counterclaim, Rule 41 does not prohibit
> dismissal of the underlying complaint.   Similarly, the pendency of a
> compulsory counterclaim will not defeat dismissal, since the court may
> retain jurisdiction over a compulsory counterclaim under Rule 13 so
> long as it had subject matter jurisdiction over the main claim.

*Eberhard Inv. Assocs., Inc. v. Santino*, No. 01 CIV.3840 LMM, 2004 WL 594728,

at *2 (S.D.N.Y. Mar. 25, 2004) (quoting 8 James Wm. Moore, *Moore's Federal*

*Practice*, § 41.40[8][a] (3d ed. 1997) (footnotes omitted)).  Other courts have also

noted the relevance of compulsory versus permissive counterclaims.

> Ordinarily the defendant's counterclaim can stand on its own and
> dismissal can be granted on the plaintiff's claims without affecting
> adjudication of the counterclaim.  If the counterclaim is compulsory, it
> is settled that the district court has [supplemental] jurisdiction … to
> decide it even though the plaintiff's claim is dismissed. If the
> counterclaim is permissive, it ordinarily will require independent
> grounds of subject matter jurisdiction in order to remain pending.  The

---

[3] *See Hinfin Realty Corp. v. Pittston Co.*, 206 F.R.D. 350, 351 (E.D.N.Y. 2002)
("This case presents the interesting and rarely encountered issue of when a party
may discontinue an action without prejudice in the face of opposition.").

rule prohibits dismissal when the counterclaim lacks independent grounds of jurisdiction, such as when it is a set-off, or in other unusual circumstances in which the counterclaim would fail if the plaintiff's claim were dismissed.

*Slate v. Byrd*, No. 1:09CV852, 2011 WL 5419677, at *2 (M.D.N.C. Nov. 9, 2011) (quoting 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 2365 (3d ed.) (footnotes omitted)); *see also Ascentive, LLC v. Opinion Corp.*, No. 10 CIV. 4433 ILG SMG, 2012 WL 1569573, at *3 (E.D.N.Y. May 3, 2012) (same).

Based on the above, it appears that if a counterclaim is compulsory, the Court can retain jurisdiction over it while dismissing the plaintiff's claims,[4] whereas the Court should not retain jurisdiction over a permissive counterclaim that has no independent ground for subject matter jurisdiction.  Though not addressed by either party, Defendants' counterclaim is certainly permissive: it does not "arise[] out of the transaction or occurrence that is the subject matter of [Rottermond's] claim."  Fed. R. Civ. P. 13(a)(1)(A).  That is because the counterclaim relates to money allegedly owed to Shiklanian while she worked for Rottermond, and the basis of each of Rottermond's claims stems from Defendants' actions after termination of her employment.

---

[4] The undersigned has not found an example of a court dismissing a compulsory counterclaim under these circumstances, and Rottermond provides none.

13

Taking it a step further, the Court is "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), and a federal court may not entertain an action over which it has no jurisdiction. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). "[A] district court's jurisdiction over a counterclaim no longer depends on whether the counterclaim arises from the 'same transaction or occurrence' as the principal claim. Rather, the test is whether the claims are so related 'that they form part of the same case or controversy under Article III' of the Constitution." *Swartwout v. Edgewater Grill, LLC*, No. 1:12-CV-130, 2012 WL 2457868, at *3 (W.D. Mich. June 27, 2012)[5] (quoting 28 U.S.C. § 1367(a)). The "case or controversy" standard has recently been described as "not very well developed." *Cruz v. Don Pancho Mkt., LLC*, 167 F. Supp. 3d 902, 906 (W.D. Mich. 2016). The Supreme Court has described supplemental jurisdiction as proper where the claims "derive from a common nucleus of operative fact," and the "claims are [not] such that [the parties] would ordinarily be expected to try them all in one judicial proceeding." *Id*. (quoting *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725 (1966)).

---

[5] Noting that while the Sixth Circuit has not reached the issue of whether § 1367 abrogated the common law in this realm, every federal appellate court that has reached the issue has so found, and "this court and other district courts in the Sixth Circuit have concluded that the Sixth Circuit is likely to join its sister circuits on this issue." *Swartwout* at *3 (citing cases).

Here, Rottermond's federal trade secrets claim and Defendants' state law counterclaim are lacking in relationship to establish supplemental jurisdiction over the state law claim.  Rottermond's federal trade secret claim relates to the alleged misappropriation and use of trade secrets by Shiklanian – trade secrets that she would have learned and accessed during her employment – subsequent to her termination.  (ECF No. 22, PageID.277-279).  Defendants' counterclaim alleges that Shiklanian worked under a contractual agreement that included compensation partly in the form of commissions on sales, and that she was not paid all of the commissions she was due in the course of her employment.  (ECF No. 18, PageID.232-235).  Shiklanian's complaint stems entirely from her employment with Rottermond, whereas Rottermond's is solely focused on Defendants' actions outside of her employment.

Due to this lack of relation between the relevant facts of the federal claim and state counterclaim, supplemental jurisdiction over the latter is lacking.  *See Tilley v. Ally Fin., Inc.*, No. 16-CV-14056, 2018 WL 1535413, at *1 (E.D. Mich. Mar. 29, 2018) (finding no common nuclei between defendant's alleged violation of the Telephone Consumer Protection Act by use of automated calls to plaintiff and plaintiff's alleged failure to fulfill payment obligations to defendant, despite that the calls related to plaintiff's lack of payment.); *Salei v. Boardwalk Regency Corp.*, 913 F. Supp. 993, 999 (E.D. Mich. 1996) (holding that state-law breach of

contract counterclaim and claim under Fair Credit Reporting Act did not arise out of common nucleus of operative facts even though the state and federal claims were "causally related" in that "but for the alleged breach of a settlement agreement that forms the basis of Plaintiff's state claims, the alleged federal violation would not have occurred"). Thus, Defendants' counterclaim should be dismissed, and its dismissal does not impede Rottermond's motion for voluntary dismissal.

## V. Conclusion

Accordingly, for the reasons stated above, the undersigned RECOMMENDS that Rottermond's motion for voluntary dismissal be GRANTED and that all pending claims be DISMISSED WITHOUT PREJUDICE and WITHOUT COSTS TO EITHER PARTY.

Dated: October 15, 2021         s/Kimberly G. Altman
Detroit, Michigan               KIMBERLY G. ALTMAN
                              United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

16

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 15, 2021.

s/Marie E. Verlinde
MARIE E. VERLINDE
Case Manager
